Eastern District of Kentucky
F I L E D
AUG 2 2 2016
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 16-3-DCR-REW

UNITED STATES OF AMERICA                                       PLAINTIFF

V.                        **PLEA AGREEMENT**

JAMES MATTHEW SHELTON                                          DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment, charging a violation of 18 U.S.C. § 2422(b), using a means and facility of interstate commerce to knowingly persuade, induce, entice, and coerce an individual under the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense. The United States will move the Court to dismiss Counts 1 and 3 at the time of sentencing. The Defendant will also admit and agree to the forfeiture allegation in the Indictment.

2. The essential elements of the offense are:

    (a) That the Defendant used a facility of interstate or foreign commerce as alleged in the indictment;

    (b) That the Defendant did knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity;

    (c) That the sexual activity the Defendant persuaded, induced, enticed, or coerced the minor to engage in would be in violation of federal and Kentucky law [the production and distribution of visual depictions involving the use of a minor engaging in sexually explicit conduct]; and

      (d) That the minor was less than eighteen years old at the time of the acts alleged in the indictment.

3. As to the offense, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

      (a) The Defendant resided in Eden, N.C. during the time of the offense. The minor Victim was a student under the age of 18 residing in Boyle County, Kentucky, which is in the Eastern Judicial District of Kentucky.

      (b) The Defendant and the minor Victim (K.B.) became friends on Facebook; the minor Victim met the Defendant through another minor female (N.P.) who she knew from school. According to K.B., she talked to the Defendant as if he were her age, even though he told her he was 27. She was 13 at the time of the offense. The Defendant talked with her about her participation in her school's marching band, music, family interactions, and other "personal stuff." They began their online friendship in late 2013 or early 2014.

      (c) At some point in their text conversations, the Defendant requested "nude" pictures of K.B. Initially, she sent him pictures of her breasts; eventually she sent him pictures of her genital area, including one picture in which a dildo was inserted into her vagina. K.B took the pictures with her cellphone in her room at her residence in Boyle County, KY, and she sent them to the Defendant via text message on her phone to his phone. The Defendant was in N.C. at the time he received the pictures. The use of the cell phones to send and receive text messages is the use of a facility of interstate commerce.

      (d) FBI Task Force Officer Kathryn Reed conducted the investigation after obtaining information from the Boyle County (KY) Sheriff's Office. TFO Reed went to N.C. to be present for the execution of a search warrant for the Defendant's residence on April 8, 2015. The Defendant admitted to TFO Reed that he had obtained the pictures of K.B. showing her breasts and genitalia, and that he sent them to other persons in Boyle County, KY, including N.P. He denied K.B ever told him her age; he claimed that a male juvenile with whom he had online conversations told him K.B. was 17.

2

(e) A review of cell phone extraction data by TFO Reed revealed multiple text messages between the Defendant's phone number and the Victim's phone number containing sexually explicit conversations. Two child pornographic (CP) images were located on the Defendant's Samsung Centura telephone. The first image was of K.B.'s vagina with a dildo inserted, which image was sent through the Defendant's email account on August 20, 2014; a second image of K.B.'s vagina was also sent through the Defendant's email account to his phone on that same day. K.B. stated that she sent the pictures to the Defendant in July, 2014, at his request.

(f) It is a violation of the laws of the Commonwealth of Kentucky and federal law to produce visual depictions of minors engaging in sexually explicit conduct.

4. The statutory punishment for the offense is imprisonment for not less than 10 years to life imprisonment, a fine of not more than $250,000.00, and a term of supervised release of not less than five years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2015, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all conversations, whether oral or textual, in which he engaged with the minor Victim and other persons.

(c) Pursuant to U.S.S.G. § 2G1.3(c)(1), the applicable guideline is 2G2.1 because the offense involved causing and permitting a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, if

3

the resulting offense level is greater than that determined by applying Section 2G1.3.

    (d) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (e) Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), increase by 2 levels because the minor Victim had not yet attained the age of 16 years.

    (f) Pursuant to U.S.S.G. § 2G2.1(b)(3), increase by 2 levels because the offense involved distribution.

    (g) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(ii), increase by 2 levels because the offense involved the use of a computer or interactive computer network (his internet-connected phone) to solicit participation by the minor Victim in sexually explicit conduct.

    (h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (i) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

4

9. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office and will make a full and complete financial disclosure. The Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control,

directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. Upon his incarceration in connection with this case, the Defendant will participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and

agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 8-22-16    By: _David A. Marye_
David A. Marye
Assistant United States Attorney

7

Case: 5:16-cr-00003-DCR-HAI    Doc #: 32    Filed: 08/22/16    Page: 8 of 8 - Page ID#: 98

Date: 08/22/16

_____
James Matthew Shelton
Defendant

Date: 08/22/16

_____
R. Michael Murphy
Attorney for Defendant

8