UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL NO. 16-CR-03-DCR                         *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                          PLAINTIFF

V.     **SENTENCING MEMORANDUM AND REQUEST
       FOR RELIEF PURSUANT TO 18 U.S.C. § 3553(a)**

JAMES MATTHEW SHELTON                                             DEFENDANT

\* \* \* \* \*

On August 22, 2016, James Matthew Shelton pleaded guilty to Count 2 of the Indictment charging him with using a facility or means of interstate commerce to persuade an individual under 18 years of age to engage in sexual activity, a violation of 18 U.S.C. § 2422(b).  [R. 31: Minute Entry for Rearraignment].  The United States Probation Office (USPO) disclosed the initial version of Mr. Shelton's Pre-Sentence Investigation Report (PSR) on October 31, 2016, noting that Shelton's applicable Guidelines range was 168-210 months based on a total offense level of 35 and a criminal history category of I.  *See* Initial PSR, Paragraph 58.  This calculation tracked the various provisions of Shelton's plea agreement.  *See* [R. 32: Plea Agreement, Paragraph 5].  Neither Shelton nor the government objected to the PSR.

However, the final version of Mr. Shelton's PSR disclosed on November 21, 2016 indicated that Shelton's applicable Guidelines range had risen to 210-262 months based on an additional two-level enhancement pursuant to USSG § 2G2.1(b)(1)(B).  *See* Final PSR, Paragraphs 21, 28, and 59.  This unanticipated change increased Shelton's potential sentence by approximately four years.  Shelton agrees that the new calculation is correct and has no outstanding objections to the PSR.  Shelton now submits this sentencing memorandum and request for relief pursuant to 18 U.S.C. § 3553(a).

In sentencing Mr. Shelton, the Court must craft a sentence that is "sufficient, but not greater than necessary . . ." to comply with the provisions of 18 U.S.C. § 3553.  Given his acceptance of responsibility and background, including his long history of psychiatric issues, Shelton respectfully requests that the Court impose a sentence of 168 months.  The requested term constitutes the bottom of the applicable Guidelines range as calculated in Shelton's initial PSR.  *See* Initial PSR, Paragraph 58.  Shelton provides the following information in order to assist the Court:

### Nature and Circumstances of the Offense

Paragraphs 3 – 12 of the PSR discuss the nature and circumstances of the offense.  However, Mr. Shelton notes that he never traveled to Kentucky as discussed in Paragraph 9 of the PSR.

### History and Characteristics of the Defendant

The PSR has covered these considerations generally, but Mr. Shelton wishes to offer additional detail regarding his background. Shelton is a 30 year-old lifelong resident of Eden, North Carolina. *See* Final PSR, Paragraph 37. Sadly, Shelton's father was an alcoholic who subjected him to physical abuse during his childhood. *Id*. at Paragraph 38. *See also* Exhibit 1: Susan Shelton Letter, Page 1. Shelton's parents divorced when he was approximately five years of age, and Shelton lived with his mother from that point forward. *See* Exhibit 1: Susan Shelton Letter, Page 1. Shelton's mother subsequently was diagnosed with congestive heart failure and a blood-clotting syndrome rendering her disabled and incapable of caring for herself. *See* Final PSR, Paragraphs 37, 38. As a result, Shelton has spent the majority of his adult life serving as his mother's sole caretaker. *Id*.

As mentioned previously, Mr. Shelton has dedicated himself to caring for his mother since she suffered a massive heart attack when he was seventeen years of age. *See* Exhibit 1: Susan Shelton Letter, Pages 1-2. At the same time, Shelton volunteered regularly with the local Salvation Army, assisting with donations and other work. *Id*. at Page 2. *See also* Exhibit 2: Hallie Wyche Letter. In addition, Shelton tutored others in his community who were seeking GED certification after completing the program himself. *See* Exhibit 2: Hallie Wyche Letter. Shelton also did his best to provide financial support for his mother during her illness by cooking meals for the elderly at a local nursing home for 2 ½ years; Shelton later

moved on to become food services director at an assisted living facility. *See* Exhibit 1: Susan Shelton Letter, Page 2; Exhibit 3: Deedy Ramsey Letter, Page 1. Despite being unable to obtain a driver's license because of vision problems, Shelton was a reliable employee who often walked more than two miles to his place of employment to complete his shifts. *See* Exhibit 3: Deedy Ramsey Letter, Page 1.

To be sure, Mr. Shelton has struggled with various psychological problems throughout his life. As his mother and aunt note in their letters of support, Shelton's childhood circumstances resulted in him having no male role models to guide him and likely contributed to his recurring mental issues. *See* Exhibit 1: Susan Shelton Letter, Page 1; Exhibit 4: Sharon Alderman Letter, Page 1. Regardless, Shelton accepts full responsibility for his actions and understands that he must be punished. Shelton simply asks the Court to take his troubled upbringing and difficult family circumstances into account when fashioning an appropriate sentence.

## The Sentence

In all criminal cases, any sentence imposed should reflect the seriousness of the offense, promote respect for the law, and provide just punishment to the defendant. The sentence also should afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. In addition, the sentence should provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner available. Accordingly, the Court is required to consider all of the types of sentences available. *See* 18 U.S.C. § 3553(a).

There is no doubt that the offense at issue is serious in nature. Mr. Shelton has admitted to persuading an underage female to engage in sexual activity over the Internet. To reiterate, Shelton truly regrets his conduct and understands that he must be punished. At the same time, Shelton wishes to note that he never made physical contact with the minor at issue in the present case. Furthermore, Shelton never traveled to Kentucky to meet with the minor. Given full consideration of the circumstances and Shelton's background, a sentence of 168 months will be sufficient to reflect the seriousness of Shelton's offense.

With regard to promoting respect for the law, Mr. Shelton notes that he has no criminal history. *See* Final PSR, Paragraphs 30-32. In fact, Shelton has a total criminal history score of zero because the present case represents his first criminal conviction of any sort. *Id*. at Paragraph 32. Moreover, Shelton's personal background demonstrates that he has not been involved in drug activity or other criminal conduct that might have gone unnoticed by local authorities. Instead, Shelton has spent the entirety of his adult life caring for his mother and other elderly members of his community, never straying from his responsibilities despite difficult circumstances. As a result, a sentence of 168 months will be sufficient to promote respect for the law.

Similar considerations apply when determining a just punishment for the offense. Mr. Shelton is now a convicted felon who has lost the right to vote, to possess a firearm, or to serve on a jury. Shelton is also a convicted sex offender who will be required to register as such in his home state of North Carolina. Regardless of the length of any term of supervised release imposed, North Carolina state statutes initially will require Shelton to maintain his registration as a sex offender for at least thirty years. *See* N.C. Gen. Stat. Art. 27A, §§ 14-208.6A, 14-208.7(a)(2). While necessary, Shelton's classification will create significant hurdles when he seeks employment or housing after his release from custody. Furthermore, Shelton's current detention constitutes the only period of incarceration he ever has served. Given Shelton's history and characteristics along with the other additional consequences of his conviction, a sentence of 168 months will be sufficient to provide just punishment for the offense.

Likewise, the restrictive and appropriate supervised release conditions that the Court will impose at the time of sentencing will protect against the possibility of Mr. Shelton engaging in additional criminal conduct in the future. More specifically, Shelton will be prohibited from frequenting, volunteering, or working at locations where minors congregate. Final PSR, Paragraph 66. More important given the circumstances of the present case, Shelton will not be permitted to communicate with minors in any manner, particularly through electronic means. *Id*. at Paragraphs 67, 71-73. These limitations make it highly unlikely that Shelton

will have the opportunity to engage in the kind of online activity that led to his commission of the underlying offense.

More important, however, Mr. Shelton's experience in the present case has been transformative. Faced with the possibility of spending more than a decade in prison, Shelton now fully appreciates the seriousness of his actions and regrets the shame that he has brought on himself and his family. As a result, Shelton can assure the Court that he has absolutely no intention of engaging in additional criminal conduct of any sort. No matter the length of his sentence, Shelton never will put his family at risk again by committing future crimes. Given the stringent supervised release conditions that will be imposed and the length of the recommended sentence, a sentence of 168 months will be sufficient to deter criminal conduct and to protect the public from the possibility of further crimes.

## Conclusion

Mr. Shelton wishes to convey his deep regret for engaging in the conduct that led to his involvement in the present case. Despite his background and mental health struggles, Shelton makes no excuses for his actions and understands that he must be punished. Shelton simply asks the Court to take his long-term psychological issues and personal background into account when determining an appropriate period of incarceration.

To reiterate, Shelton has no prior criminal history and has dedicated his entire adult life to caring for his mother, who continues to struggle with serious

health issues.  In addition to working to support her during tough times, Shelton has been a dedicated provider to other members of his community.  Shelton also has accepted full responsibility for his actions since the outset of his prosecution.

Mr. Shelton understands that his sentence will be significant.  However, given his background, Shelton asks that he be given a chance to return home as soon as possible.  Shelton does not know how much longer his mother will be living, but he prays that he will have the opportunity to return home to be with her again at some point in the future.

For the foregoing reasons, Shelton respectfully requests that the Court impose a sentence of 168 months.  Shelton also asks that the Court recommend that he be incarcerated at a facility as near as possible to his mother who continues to reside in Eden, North Carolina.  Last, Shelton requests that the Court recommend significant psychological counseling and other necessary treatment to assist him with the mental health issues that have plagued him throughout his life.

Respectfully Submitted,

/s R. Michael Murphy

LAW OFFICE OF R. MICHAEL MURPHY, PLLC
709 MILLPOND ROAD
LEXINGTON, KENTUCKY  40514
TELEPHONE:  (859) 333-8422
FACSIMILE:   (859) 422-5955
E-MAIL: murphylawoffice@gmail.com

COUNSEL FOR JAMES MATTHEW SHELTON

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2016, I filed the foregoing sentencing memorandum and request for 3553(a) relief with the Clerk of the Court, and the ECF filing system will notify all counsel of record.

/s R. Michael Murphy

R. Michael Murphy

COUNSEL FOR JAMES MATTHEW SHELTON
