UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:16-CR-00003-DCR-REW

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.              UNITED STATES' SENTENCING MEMORANDUM

JAMES MATHEW SHELTON                                                          DEFENDANT

\* \* \* \* \*

James Matthew Shelton pleaded guilty to one count of using a means and facility of interstate commerce to knowingly persuade, induce, entice, and coerce an individual under the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b) (hereafter Online Enticement of a Minor).  One count of employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit activity for the purpose of producing visual depictions of that conduct, knowing and having reason to know that such visual depictions would be transmitted using a means or facility of interstate commerce, in violation of 18 U.S.C. § 2251(a), and one count of knowingly distributing images involving the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), will be dismissed at sentencing. The Defendant also agreed to the forfeiture of the items listed in the forfeiture allegation of the Indictment. The United States agrees with Shelton's counsel that a variance or departure somewhat below the

guidelines range, as correctly calculated by the Probation Office, is appropriate in this case.

## 18 U.S.C. § 3553 AND THE APPROPRIATE SENTENCE

Based on the reasons stated in the Defendant's Sentencing Memorandum (D.E. 42), the United States does not object to the Court's departing downward from the correctly calculated guidelines range of 210 – 262 months to a sentence at or near the bottom end of the guidelines range as contemplated by the parties and contained in the initial PSR, that being 168 – 210 months.  A substantial sentence is needed "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C).  Shelton requested "nude" photos from K.B., who was under the age of 14 at the time. (PSR ¶ ¶ 3 - 4). Furthermore, he then distributed those sexually explicit images to other minors in Boyle County, Kentucky, where they all attended school.  (PSR ¶ ¶ 7 - 8).  The thought of men continually viewing pornographic images of them as children "for their own sick sexual desires" is what many child pornography victims state is a cause of their continuing emotional distress as they enter adulthood.

A substantial sentence is also needed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  Producing receiving, possessing and distributing child pornography are not victimless crimes, but repeatedly expose each child victim to shame and humiliation. *See, e.g.*, *New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the

original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.") *See also United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011) ("And as long as there is a demand [for] images of child pornography, there is going to be an unending stream of child abuse of children who are forced into these roles.") Moreover, traders of child pornography often form a community normalizing, teaching, and encouraging others interested in sexually molesting children.

A substantial sentence is needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A sentence at or near the lower end of the guidelines range as contemplated by the parties will be a clear warning to others considering similar conduct. "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). *See also United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012) (reversing district court for neglecting importance of deterrence in sentencing for possession of child pornography); *Ferber*, 458 U.S. at 760 ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for this material by imposing severe criminal penalties on persons . . . promoting the product.").

Producers, traders and collectors of child pornography may have a compulsion for this material, but they are still deterred by law enforcement. Learning of Shelton's substantial sentence will perhaps reduce the abuse of children by others in this district who would consider producing, possessing and trading such material. *See, e.g.*, *Widmer*,

3

511 F. App'x at 511-12 ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

18 U.S.C. § 3553(a)(6) notes, as another factor for district courts to consider, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The following list does not compare the sentences imposed in all cases of online enticement of a minor in violation of 18 U.S.C. § 2222(b) within the Eastern District of Kentucky; however, it is a compilation of all such cases prosecuted by the undersigned since 2013:

1. *U.S. v. Solomon Blue Waters*, 12-CR-17-ART-EBA, sentenced to 135 months of imprisonment, to be followed by a life term of supervised release. (Waters was a foreign national from the United Kingdom.)

2. *U.S. v. Christopher Joseph Coy*, 13-CR-10-GFVT, sentenced to 120 months of imprisonment, to be followed by a 15-year term of supervised release. (The victim was an undercover law enforcement officer.)

3. *U.S. v. Robert L. Cantrell*, 15-CR-2-S-DCR, sentenced to 168 months of imprisonment, to be followed by a 15-year term of supervised release, plus payment of $2,500.00 in lieu of forfeiture of a vehicle.

4. *U.S. v. Sherwin D. Collins*, 15-CR-4-GFVT, sentenced to 120 months of imprisonment, to be followed by a 10-year term of supervised release. (The victim was an undercover law enforcement officer.)

Each of the cases listed above were resolved by a guilty plea to a single count of online enticement of a minor and the dismissal of all remaining counts.

18 U.S.C. § 3553(a)(7) contains the final factor courts are to consider when imposing sentence: "the need to provide restitution to any victims of the offense

Because the United States Attorney's Office has not received any requests for restitution in this case, this Court need not enter an Order of restitution.

## CONCLUSION

The United States respectfully requests the Court to impose a sentence at or near the bottom of the guidelines range as contemplated by the parties. Such a sentence will be sufficient, but not greater than, necessary to comply with the purposes contained in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

By: s/ David A. Marye
Assistant United States Attorney
260 W. Vine Street
Lexington, Kentucky 40507-1612
(859) 685-4873
David.Marye@usdoj.gov

## CERTIFICATE OF SERVICE

On January 6, 2017, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

R. Michael Murphy, Esq.
*Attorney for James Matthew Shelton*

s/ David A. Marye
Assistant United States Attorney