UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 16-03-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES MATTHEW SHELTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant James Shelton filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on July 24, 2018. [Record No. 71] He has also filed a motion to recuse the undersigned and all judges/magistrates of the Central Division at Lexington from presiding over his § 2255 motion. [Record No. 73] Shelton contends that he undersigned should recuse because of alleged personal bias. [*See* Record 73-1,] In support of his recusal motion, Shelton relies on statements made by the undersigned during his sentencing hearing. [*Id.* at pp. 1-4]

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "A district court judge must recuse himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United*

*States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (quotation marks omitted). This is an objective standard. *Id*. As explained in *Liteky v. United States*, 510 U.S. 540 (1194):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id*. at 555.

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases and has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted); *see also Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980). Likewise, granting groundless disqualification motions also encourages judge-shopping.

Shelton's arguments do not support a request for recusal based on a claim of personal bias. He has not pointed to any extrajudicial source for the undersigned's alleged bias towards the defendant. Further, the comments ascribed to the undersigned relate to sentencing factors which must be considered under 18 U.S.C. § 3553(a). For instance, they highlight the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public from further crimes of the defendant. In short, because Shelton cannot demonstrate personal bias, recusal is not appropriate. Accordingly, it is hereby

**ORDERED** that Defendant James Shelton's motion to recuse [Record No. 73] is **DENIED**.

This 24th day of July, 2018.

Signed By:

*__Danny C. Reeves__* DCR

**United States District Judge**