UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal Action No. 5: 16-03-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 18-464-DCR |
| V. | ) | |
| | ) | |
| JAMES MATTHEW SHELTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant James Shelton pleaded guilty to using a means and facility of interstate commerce to knowingly persuade, induce, entice, and coerce an individual under the age of 18 to engage in sexual activity for which any person can be charged with a criminal offense in violation of 18 U.S.C. § 2242(b). [Record No. 31] He was sentenced to a 262-month term of imprisonment, followed by a life term of supervision. [Record No. 49] The United States Court of Appeals for the Sixth Circuit affirmed the sentence. [Record No. 61] The matter is now pending for consideration of Shelton's *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [Record No. 71]. Shelton's motion will be denied and a Certificate of Appealability shall not issue for the reasons outlined below.

**I.**

Shelton's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After briefing by the parties, United States Magistrate Judge Hanly A. Ingram recommended that Shelton's § 2255 motion be denied. [Record No. 85]

This Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which specific objections are made. 28 U.S.C. § 636(b)(1)(C). However, "[w]here no objections are made, or the objections are vague or conclusory, the Court is not required to review under a *de novo*, or any other, standard." *United States v. Hale*, 2017 WL 6606861, at *1 (E.D. Ky. Dec. 26, 2017) (citations omitted). Additionally, "[a]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *United States v. Bowers*, 2017 WL 6606860, at *1 (E.D. Ky. Dec. 26, 2017) (internal quotations and citations omitted).

The objections Shelton presents in the present case are difficult to follow. However, it appears that he makes the same arguments that the Magistrate Judge has already considered and rejected in the Recommended Disposition. [Record No. 88] Nevertheless, the Court has examined the record and, having made a *de novo* determination, agrees with the Magistrate Judge's analysis and recommendation.

**II.**

Shelton raises five arguments in his § 2255 motion. Each of the asserted grounds argues some form of ineffective assistance of counsel. The Magistrate Judge thoroughly analyzed each claim and explained why Shelton has failed to state a viable argument under § 2255. Shelton must show two elements to succeed on his ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must establish that counsel's performance was deficient. *Id*. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, Shelton must show that his counsel's deficient performance

prejudiced him. *Id.* Because Shelton pleaded guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As an initial matter, Shelton has not shown that his trial counsel was ineffective for moving for a competency evaluation. [Record No. 71] Shelton's trial counsel moved for a competency evaluation after he had "met with the Defendant, talked with the Defendant's mother, studied the bond report, and been made aware of the Defendant's long history of mental health issues dating back to his early, teenage years." [Record No. 13] This Court agrees with the Tenth Circuit's analysis "that when a lawyer has reason to believe that her client may not be mentally competent to stand trial, she does not render ineffective assistance of counsel by making her concerns known to the court." *United States v. Boigegrain*, 155 F.3d 1181, 1187 (10th Cir. 1998) (attorney was not ineffective for raising competency issue against defendant's wishes). Because objective evidence supports trial counsel's good faith doubts about Shelton's competency, counsel did not render ineffective assistance by presenting the mental-health concerns about Shelton to the Court. *See United States v. Jackson*, 179 F. App'x 921, 933 (6th Cir. 2006) (citing *Boigegrain*, 155 F.3d at 1187).

Next, Shelton does not establish that he was prejudiced by the competency evaluation. The presentence investigation report contained mental-health information similar to the competency evaluation and Shelton has not established how the competency evaluation affected his sentence. [Record Nos. 22, 52] The presentence investigation report would have been prepared even if no competency evaluation was conducted. Fed. R. Crim. P. 32(c)(1)(a), (d)(2)(A). And the only reference to the competency evaluation in the mental health section of the presentence investigation report indicated that Shelton met the criteria for competency

and was not suffering from a mental disease at the time of the offence. [*Id*.] Otherwise, all the information provided in the mental health section of the presentence investigation report was provided by Shelton, his mother, or past mental healthcare providers. [*Id*.]

Shelton also argues in his first ground for relief that his Constitutional rights were violated because his trial counsel provided ineffective assistance by stipulating to the competency evaluation report. [Record No. 71] But Shelton did not develop this argument and the Court will not do so for him. Further, no Fifth Amendment rights against self-incrimination are implicated when the "psychiatrist's findings [have] been confined to the limited, neutral purpose of determining the defendant's competency to stand trial." *U.S. v. Thompson*, 462 F. App'x 561, 564 (6th Cir. 2012) (citing *Estelle v. Smith*, 451 U.S. 454 (1981)). Likewise, Shelton has not demonstrated that the evaluation violated his Sixth Amendment rights. "[T]he Sixth Amendment's right-to-counsel protection in this context at most requires that defense counsel be informed of the 'nature and scope' of the evaluation and put 'on notice' that he would have to anticipate the prosecution's use of the mental exam if he raised a 'mental status defense.'" *Thompson*, 462 F. App'x at 564 (citing *Buchanan v. Kentucky*, 483 U.S. 402, 424-25 (1987)). Because Shelton did not establish counsel was deficient by ordering the competency evaluation, he was not prejudiced by the competency evaluation, and he did not show a violation of his constitutional rights, he has not established ineffective assistance of counsel on his first ground for relief.

Shelton also contends ineffective assistance of his trial counsel in his second ground for relief due to counsel's failure to object to the denial of a downward variance and the subsequent sentence imposed at the top of the Guidelines range. [Record No. 71] He further claims that this failure meant the issue was not properly preserved, precluding him from raising

-4-

the issue on direct appeal, "in violation, essentially of [his] Right to Appeal." [*Id*.; Record No. 71-1] But trial counsel is not required to again raise an issue that had been submitted previously to a sentencing judge. Such objections previously raised are not forfeited for the purposes of appeal. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Thus, Shelton's trial counsel was not required to object to the denial of the request for a downward variance after the sentence was imposed because the defendant's attorney had already presented the argument for consideration. [Record No. 58, p. 36]

But even if Shelton's trial counsel was deficient for not objecting to the sentence, Shelton has not shown he was prejudiced by that error. Specifically, he has not provided any persuasive arguments that if he was able to argue the issue on appeal, the Sixth Circuit would have found his sentence procedurally or substantively unreasonable. Shelton has not shown that his Guidelines range was incorrectly calculated, that the undersigned failed to consider the relevant statutory factors, that his sentence was based on clearly erroneous facts, or that the undersigned failed to adequately explain the reasons for the sentence imposed. Therefore, it is unlikely that the Sixth Circuit would have found his sentence procedurally unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Likewise, the contention that Shelton's sentence was substantively unreasonable would have likely not been successful on appeal because the appellate court is "entitled to afford a sentence within the advisory Guidelines range a rebuttable presumption of reasonableness[.]" *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012).

Shelton's third claim of ineffective assistance of trial counsel is that counsel's alleged errors during pretrial proceedings rendered his guilty plea invalid. [Record No. 71] He specifically argues that his attorney "neglected to inform [him] of the realistic possibility of

indefinite civil commitment upon release as a collateral consequence of the particular crime pled to," and that his trial counsel misadvised him about various aspects of his decision to plead guilty. [*Id.*] The Court will assume that trial counsel should have but failed to inform him about the collateral consequences of pleading guilty to a sex offense. *See United States v. Francis*, No. 5:04-CR-74-KSF & No. 5:10-CV-7114-KSF, 2010 WL 6428639, at *9 n. 9 (E.D. Ky. Dec. 30, 2010). However, Shelton does not explain in his motion how he was prejudiced by this failure. He has not told the court how knowledge about the potential civil commitment would have impacted his decision to plead guilty. Therefore, he has expressly not claimed prejudice under *Hill*. *See Hill*, 474 U.S. at 59. Because Shelton has not established he was prejudiced, his ineffective assistance of counsel claim based on his counsel's failure to inform him of the possibility of civil commitment fails. *Id.*

Shelton's assertion that his trial counsel misadvised him is unpersuasive because he fails to show that counsel performed deficiently, or he was prejudiced by the deficient performance. The United States Probation Office ("USPO") originally calculated Shelton's Guidelines range as 168 to 210 months. The USPO later determined, however, that a two-level enhancement applied pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i). [Record No. 52] While the recommended guideline range in the plea agreement reflected a range of 168 to 210 months, Shelton was aware that the range was simply a recommendation. [Record Nos. 32, 60] In fact, the plea agreement specifically states that the "United States and the Defendant recommend the following sentencing guidelines calculation, and they may object to or argue in favor of other calculations." [Record No. 32] Shelton further claims that his counsel did not inform him of the increase to the total offense level, but the increase was in his presentence investigation report. However, at the beginning of his sentencing hearing, Shelton

acknowledged that he had the opportunity to review his presentence investigation report and the opportunity to discuss the report with his attorney. Thus, Shelton has not provided the Court with any reason to believe that his plea was involuntary based on his counsel's advice concerning the calculations of his Guideline range. "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (internal quotation marks omitted). Shelton cannot meet this standard because he has not shown that any alleged mistake by his attorney regarding his Guidelines range calculation impacted his decision to plead guilty.

Shelton argues ineffective assistance of his appellate counsel in his fourth ground for relief. More specifically, he claims that his appellate attorney overlooked meritorious issues that could have been presented on appeal. He also contends that the only issue appellate counsel did raise was "all but assuredly guaranteed not to prevail in the face of pre-existing case law depriving [him] of an appeal with any reasonable chance to prevail in violation of his Right to Appeal." [Record No. 71] However, Shelton must overcome the presumption that counsel's performance is presumed to be effective. *See Dufresne v. Palmer*, 876 F.3d 248, 257 (6th Cir. 2017) (per curiam). He must also "demonstrate a reasonable probability that, but for his counsel's unreasonable failure to raise [an] issue on appeal, he would have prevailed." *See Id*. (internal quotation marks omitted). While Shelton presented numerous arguments that his appellate counsel could have raised on appeal, he has not shown that any of the arguments were clearly stronger than what was presented on appeal. Therefore, his fourth ground of ineffective assistance of counsel fails.

Shelton's final claim is for cumulative error because his trial counsel "acted essentially as a mere spectator save for a 'comment' concerning on condition of [his] supervised release" and presented "scant mitigating evidence at sentencing." But Shelton has shown no individual error, so his claim of cumulative error must fail because there are no errors to cumulate. *See Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007).

### III.

The Court will deny Shelton's request for an evidentiary hearing. [Record No. 84] For the reasons stated in the foregoing analysis and the Magistrate Judge's Recommended Disposition, the record conclusively shows that the movant is not entitled to any relief. Accordingly, a hearing is not required. *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

Finally, a Certificate of Appealability shall not issue. As correctly set out in the Recommended Disposition, a Certificate of Appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. [Record No. 85] That standard is met if the defendant can show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Such a showing has not been made here. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 85] is **ADOPTED** and **INCORPORATED**, by reference.

2. Shelton's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 71] is **DENIED** and his claims are **DISMISSED**, with prejudice, and **STRIKEN** from the Court's docket.

3. A Certificate of Appealability shall not issue.

Dated: December 10, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge