UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 16-003-DCR |
| ) | |
| V. ) | |
| ) | |
| JAMES MATTHEW SHELTON, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant James Shelton previously filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [Record No. 71] and a motion for leave to conduct discovery [Record No. 89]. The Court denied these motions on December 10, 2018. [Record Nos. 90, 91] Shelton has now filed a motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure [Record No. 94].

Because a final judgment has been entered in the case, Shelton's motion will be construed as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The purpose of Rule 59(e) is to allow the district court to make its own corrections, thus sparing the parties and appellate court the burden of unnecessary appellate proceedings. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). The rule, however, does not permit a party to re-argue a case. *Id.* (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Instead, a court may grant relief under

Rule 59(e) only to: (1) correct a clear error of law;[1] (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F.App'x 1001, 1001-02 (6th Cir. 2012). Here, Shelton asserts that a clear error of law occurred. [Record No. 94]

In the context of Rule 59€, "manifest error" has been defined as the "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (also noting that "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"). Similarly, the Northern District of Texas explained that

> [t]here is no precise definition in the law for what constitutes clear error, though it's clear that any analysis of clear error should conform to a very exacting standard. District courts should have a clear conviction of error before finding that a… judgment was predicated on clear error. In essence, a judgment must be dead wrong to qualify as being clearly erroneous.

*H & A Land Corp. v. City of Kennedale*, No. 04:02-458, 2005 U.S. Dist. LEXIS 25797, *5 (N.D. Tex. Oct. 24, 2005) (internal citations and quotation marks omitted). "Based on these definitions, to prevail on a Rule 59(e) motion based on [clear error of law,] the moving party must not only demonstrate that errors were made, but that these errors were so egregious that an appellate court could not affirm the district court's judgment." *United States v. Collier*, No. 06:05-58, 2011 WL 2470115 at * 1 (E.D. Ky. June 20, 2011).

Shelton has not demonstrated any error of law, let alone a clear error of law. Likewise, he has not indicated there is any newly discovered evidence, an intervening change in the

---

[1] Clear error of law is also referred to as "manifest error of law." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

controlling law or manifest injustice which would cause the Court to reconsider its prior decision. [*See* Record No. 94]

With regard to Shelton's motion for discovery, Shelton has not established that the Court's prior opinion was based on a manifest error of law. Instead, he reiterates his specific requests and the need for each document. [Record No. 94, p. 1] Because Shelton is essentially restating arguments made in his motion for leave to conduct discovery, the Court will not reconsider its decision. *Howard*, 533 F.3d at 475.

Shelton bases his motion for reconsideration regarding his § 2255 motion on the Court's failure to consider his objections to the United States Magistrate Judge's Recommended Disposition. He states, "[a]larmingly, the district court beginning its review of the objections filed disregards them – proceeding on mere assumption that he 'makes the same arguments that the Magistrate Judge has already considered and rejected in the Recommended Disposition.'" [Record No. 94, p. 3-4] Generally, the Court makes a *de novo* determination of the portions of the Magistrate Judge's recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). But the Court is not required to review the Magistrate Judge's recommendations "[w]here no objections are made, or the objections are vague or conclusory." *United States v. Hale*, No. 0:15-18, 2017 WL 6606861, at *1 (E.D. Ky. Dec. 26, 2017). And while Shelton's objections were difficult to follow and the objections appeared to make the same arguments the Magistrate Judge already considered, the Court examined the record and made a *de novo* determination. [Record No. 91]

The similarity of Shelton's objections and the arguments in his § 2255 motion is exemplified by his summary of the objections that he made. His summary makes it clear that the objections were previously raised in his § 2255 motion and were considered by the

Magistrate Judge and the Court in the Memorandum Opinion and Order filed on December 10, 2018. [*See* Record Nos. 91, 94.] Because the Court conducted a *de novo* review of the Magistrate Judge's recommendations, regardless of the fact that the objections were difficult to follow and reiterated arguments previously made, Shelton has not established a clear error of law.

Shelton next argues that the Court should not have required him to "show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Wynn*, 663 F.3d 847, 851 (6th Cir. 2011). Instead, Shelton contends that the court should have required that he "show a reasonable probability that, but for counsel's errors, his sentence would have been different." *Weinberger v. United States*, 268 F.3d 346, 352 (6th Cir. 2001). However, *Hill* is a Supreme Court case and is controlling precedent. Additionally, *Weinberger* is not persuasive because Shelton has not demonstrated the prejudice required under *Strickland v. Washington*, 466 U.S. 668 (1984). Shelton has not demonstrated prejudice because he has not shown how his sentence would have been different. Therefore, Shelton has not established a clear error of law.

Finally, Shelton contends that the Court "completely ignores" his affidavit that creates a factual dispute requiring an evidentiary hearing. [Record No. 94] However, the Court need not consider Shelton's affidavit when there was objective evidence supporting counsel's motion for a competency hearing. *See United States v. Jackson*, 179 F. App'x. 921, 933 (6th Cir. 2006) (a competency evaluation is appropriate where there is reasonable cause supporting the motion for a competency examination). Therefore, Shelton has not established a clear error of law with regards to his request for an evidentiary hearing.

-4-

In summary, Shelton has not demonstrated any reason for the Court reconsider its previous decision. Therefore, being sufficiently advised, it is hereby

**ORDERED** that Shelton's motion for reconsideration [Record No. 94] is **DENIED**.

Dated: December 28, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge